# THE TOLEDO, WABASH AND WESTERN RAILWAY CO.

*v.*

# DAVID EDDY.

1. VENUE—*application for change after first term of court.* Where an application for a change of venue is made at a term of court after the first, ten days' notice of such application should be given to the other party, or the affidavit should show that the cause for the change came to the knowledge of the applicant, for the first time, less than ten days before the time of making the application.

2. SAME—*change on account of prejudice of the judge.* An affidavit for a change of venue on account of the prejudice of the judge, which fails to show against whom the judge is prejudiced, is insufficient.

3. CONTRIBUTORY NEGLIGENCE—*duty of servant in using machinery provided by railroad company.* It is the duty of the servant of a railroad company to see that the machinery which he uses is in repair, and when it is not, to report the fact to the company, and it is negligence on his part to fail to do so; and the company will not be liable for any injury sustained by him, occasioned by such machinery being out of repair.

4. SAME—*party injured must use diligence to have himself cured.* A party claiming damages for an injury caused by the negligence of another, must, after the injury is received, act as a prudent man would under the circumstances, and use due diligence to know whether medical aid is required, and to have himself cured. He has no right to act recklessly in this regard, and then charge the defendant for the effect of such conduct; and it should be left to the jury whether the party injured has used due diligence to have himself cured or not.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

This was an action, brought by David Eddy, an employee of the Toledo, Wabash and Western Railway Company, against the company, to recover for injuries sustained by reason of a fall from a ladder furnished by the company and used by him in the course of his employment.

Mr. A. E. HARMON, for the appellant.

Mr. J. S. WOLFE, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

It is first urged, that the court below erred in refusing to grant a change of venue in this case. The eleventh section of the law providing for changes of venue declares, that a change shall not be granted after the first term of the court at which the party applying might have been heard, unless he show that the cause has arisen or come to his knowledge subsequent to the term at which the application could have been made, and shall also give to the opposite party ten days' notice, except where the causes have arisen or come to his knowledge within less than ten days of making the application. The notice in this case states, that information of the cause came to his knowledge on Friday, the 12th of September, 1873, but the affidavit fails to state that the knowledge of the prejudice was received for the first time less than ten days before the term ; and the affidavit states, the agent fears that the defendant can not have a fair trial, on account of the prejudice of the judge, by reason of his election, and prays a change of the venue to another county than Vermilion or Ford.

This affidavit is insufficient, as it fails to state necessary facts : it fails to state against whom the judge is prejudiced. It seems to assign the election of the judge as the cause of the prejudice. It also fails to state that the knowledge of the prejudice had been received within ten days of the commencement of the term, or the time of giving the notice. If the election of the judge was for any reason connected with the prejudice, the affidavit fails to state what it was, or that affiant did not know of such election ten days prior to the time of making the application. There was no error in refusing to change the venue of the case.

It is insisted, that the court below erred in giving instructions for appellee. The third of his instructions states, that it is an implied contract by the company, with their servants, that they will keep .their road and apparatus in safe repair,

and in such condition that all of their machinery, in operating the road, can be used with safety to their employees. This instruction, under the evidence in the case, was not accurate. The evidence shows that appellee was in constant use of the ladder, and that no one else, for some time previously, had used it. This being so, it was the duty of appellee to see and know that the ladder was in repair, and if not, to have reported it to the proper person for repair. He had no right to act with recklessness in using machinery out of repair, and if he received injury thereby, to hold the company responsible for the injury resulting from his carelessness or neglect of duty in not reporting it out of repair. *Illinois Central Railroad Co.* v. *Jewell*, 46 Ill. 99. In that case it was held to be the duty of a servant to see that the machinery which he uses is in repair, and when not, to report it to the company, and that it is negligence in him to fail to do so, and the company would not be liable. See, also, *The Toledo, Peoria and Warsaw Railway Co.* v. *Conroy*, 68 Ill. 560. This instruction should have been modified before it was given. The company are bound to provide good, safe and proper machinery, so far as reasonable skill and diligence can construct it. But, when so provided, it is a duty devolving on the servants to see that it is in repair, or report it to the company.

The eighth of appellee's instructions does not state the law correctly. It informs the jury, that, although he might have placed himself in a better bodily condition by the employment of medical aid, he could not be chargeable with negligence unless he knew, or had reason to believe, in the exercise of a sound judgment, he needed medical aid, and then it could only be considered in mitigation of damages. It was his duty to have acted as a prudent man would, under similar circumstances, and to have used due diligence to know whether medical aid was required. He had no right to act recklessly, and then charge the company for the effects of such conduct. It should have been left to the jury to say whether he acted

as a prudent man should, and whether he used due diligence to have himself cured. ·

The ninth of appellee's instructions informs the jury, that, although he had been previously ruptured, if he was the employee of the company when he received the injury, if it was occasioned by the negligence of the company, and whilst he was using proper care, such former injury would make no difference. This instruction, like the eighth, wholly ignores all care and diligence in seeing that the ladder was safe, and if not, then to report its condition to the company. Without such a modification they were calculated to, and we think did, mislead the jury.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*