85 25
38a 619

85 25
41a 89

85 25
49a 367

85 25
75a 450

85 25
183 295

## The Chicago and Alton Railroad Company

### *v.*

### Charles Munroe.

Master and servant—*injury from defective machinery.* An employee can not recover for an injury suffered in the course of the business about which he is employed, from defective machinery used therein, after he has knowledge of such defect, and continues his work without objection.

Appeal from the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

Messrs. Williams, Burr & Capen, for the appellant.

Messrs. Stevenson & Ewing, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

This was an action on the case, by appellee, against appellant, for injuries received by appellee, while in appellant's employ as a switchman, in coupling cars. The injury was to the hand, and was occasioned, as appellee says, by reason of the absence of a thimble or iron link in the bumper to the switch engine, to keep the coupling link from running back. There is controversy in the evidence whether the absence of this thimble or link increased the danger of coupling; but, assuming that it did, the evidence is that appellee knew of this danger long prior to the time he received his injury, and voluntarily continued to couple cars. He says: " It was mostly that way all the time. I knew it was not very safe and that there was something the matter with it. I knew all the time, for several years, that the pin went back too far, and made ob-

jection to it to Meichlin, but don't know how long before that; Meichlin said he guessed it was as safe as any of them, and I went right on working with it when it was out." We said, in *Camp Point Manufacturing Company* v. *Ballou, Admr.* 71 Ill. 417: "The doctrine upon this subject appears to be, that an employee can not recover for an injury suffered in the course of the business about which he is employed, from defective machinery used therein, after he had knowledge of the defect, and continued his work, it being held, that, upon becoming aware of the defective condition of such machinery, he should desist from his employment; but if he does not do so, and chooses to continue on, he is deemed to have assumed the risk of such defects, at least when he had not been induced by his employer to believe that a change would be made, and had not plainly objected." There is no pretense in the evidence here that appellant promised to make any change, in respect of the defect complained of, or that appellee objected to continue his work, and did so under any sort of coercion.

Under the authority of the case quoted, no cause of action is shown, and the judgment must be reversed.

*Judgment reversed.*