## CITY OF BLOOMINGTON

### v.

### BENJAMIN F. READ.

1. CITIES—REPAIR OF SIDEWALKS—DUTY.—Cities are not bound to make their sidewalks absolutely safe under all circumstances. It is sufficient if they are not dangerous, and are reasonably safe for persons passing over them.

2. CONTRIBUTORY NEGLIGENCE.—If one knowingly exposes himself to danger which can be readily avoided, and thereby sustains an injury, he must attribute it to his own negligence.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. BLOOMFIELD & HUGHES and Mr. T. C. KERRICK, for appellant; that the city is not liable for accidents caused by accumulation of ice or snow upon the sidewalk, without such accumulation becomes dangerous, cited Chicago v. McGiven, 78 Ill. 347.

As to the care that should be exercised by persons passing along the walk: Lovenguth v. City of Bloomington, 71 Ill. 238; City of Centralia v. Krouse, 64 Ill. 19.

Mr. W. C. P. REMINE, Mr. L. WELDON and Messrs. STEVENSON & EWING, for appellee; that the city having knowledge of the dangerous condition of the walk, is liable for not making repairs, cited Chicago v. McCarthy, 75 Ill. 602.

HIGBEE, P. J.   This was an action brought in the McLean Circuit Court by appellee against appellant, to recover damages for an injury received by him while passing over a sidewalk in said city.

The declaration alleges that on the 28th day of November, A. D. 1876, the city having control of the sidewalks therein, on a public street called Main street, ought to have kept the same in good repair and condition.   But the said city not regarding, etc., suffered the same to be and remain in bad and unsafe repair and condition, and divers of the planks wherewith the said sidewalk was laid, to be and remain broken, unfastened and out of place, by means whereof the plaintiff, who was then and there passing along and upon the said sidewalk, then and there necessarily and unavoidably tripped and stumbled upon and against the said broken and unfastened planks, the said planks being then and there out of place, of said sidewalk, and was thereby thrown and fell to and upon the said sidewalk, and thereby the hip of the plaintiff was then and there dislocated, broken and bruised, and he became and was sick, lame and disordered, and so remained for a long space of time, etc.

The general issue was pleaded and a trial had, resulting in a verdict and judgment for plaintiff.

The evidence shows that Main street ran north and south, and at the place where appellee received the injury there was a

slough, and the sidewalk was built on piling. The walk was sixteen feet wide, of two-inch planks, sixteen feet long, laid lengthwise of the walk. The whole walk, including piles, stringers and planks, was of good material and was firm and solid. There were no holes, or broken or loose planks in the walk. The only defects in the walk at the time of the injury were, that about the center of the walk two planks had bulged up the whole length, making a raised ridge where the edges of these two planks met, from two and a half to three inches in heighth and sixteen feet in length; a similar rise, on the east side of this one, next to the buildings, and still east of this last rise there were two or three pieces of boards nailed on the walk, and the edges champered off.

On the west side of the raised place, in the center next to the street, the walk was smooth level, from six to eight feet in width, and safe to pass over. The evidence also shows that at the time of the injury the walk was covered with either ice, sleet or frost (the witnesses differing as to which it was), and slippery.

It is insisted by appellant that there is a fatal variance between the allegations of the declaration and the evidence.

But two witnesses, appellee and his son, were present when the injury was received. Appellee states that the accident occurred on the morning of the 28th November, 1876, between five and six o'clock, before daylight; I was acquainted with the street; distributed daily *Pantagraph* in the morning and *Leader* in the evening, and passed over place of accident for six or seven years, usually in the morning. I remembered this ridge in the walk, and thought I would keep out from it. It was not daylight when it happened; my first impression was that I caught on the ridge, but I put my hand down and found myself lying across the ridge. I had known the ridge for quite a while; more than two or three weeks. I think it was not far from the center of the walk. On the outside of the ridge and west of it there was a level sidewalk, pretty wide. It was a level, plain sidewalk. To the east of the ridge there were several bad places between it and the building. It was that that induced me to go out. I was hunting for a good

City of Bloomington v. Read.

walk.  I was not on the ridge; I was west of it.  I passed to
the west of the ridge before I came to it.  Where I passed to
the west there was a good level sidewalk.  I had got to the
west of the ridge before I met with the accident.  When I fell
I lay a little diagonally, my head a little to the south, and my
body across the ridge.  Was walking my ordinary gait; didn't
notice anything.  Saw no loose boards in the walk; none turned
up at the ends.  My son was with me.  I was walking on the
west side of the ridge at the time accident happened.  I was
sidling out from the obstruction.  My first impression was I
had trod on the ridge.  I am generally very surefooted.  That
was my impression first, and sometime afterwards I thought I
might be mistaken about being on the ridge.  I knew there
were bad places and was trying to avoid them.  When I
became conscious I was lying across the ridge, the ridge being
somewhere near my hip, my feet to the west.  I think the
ridge would not exceed ten and a half inches wide.  It was a
little cold that morning, and somewhat frosty.  I am a pretty
rapid walker.  Generally pretty careful how I step.

William B. Read, a son of appellee, testifies: Was with father
at the time of the accident; I was walking along side of him.
Saw him when he started west.  He was trying to go to the
west of the ridge and he stepped right on the ridge.  Just then
I saw him fall and turned round to see him.  He fell across
the ridge.  I noticed the condition of the sidewalk when he fell.
The boards were about ten inches wide and six feet long.  They
were bulged up about three inches and a half above the level
of the walk.  The stars were shining, but it wasn't daylight.
Was looking where I was stepping.  Could see the ridge.  Any-
body could see the ridge if he were watching for it.  I think father
did see it, and he stepped on it.  I don't know that he was look-
ing right at it at the time.  I didn't see it; I knew it was there
though.  The morning was a little frosty; no sleet.  Father
knew of the ridge.  I heard him say it was a bad place and
ought to be fixed.  Heard him say since the accident that he
knew of it and was trying to get away from it.  I think the
boards were a little loose at one end.  If appellee gives the cor-
rect version of the accident he passed to the west of the ridge

in the walk before he came to it, and was still on the west side, where the walk was from six to eight feet wide and smooth and safe when he fell.

The declaration avers that he tripped and stumbled upon and against the said broken and unfastened planks, they being out of place, and was thereby thrown and fell, &c. He says such was not the cause of his injury, but that his fall was on the west side of the ridge where there were no broken or unfastened planks, and where all the evidence shows the walk to have been in good condition and of sufficient width for safe passage.

The allegation and proof must agree. City of Bloomington v. Goodrich, opinion at Jan'y term, 1878.

But if the evidence of appellee's son tended to support the declaration, then it was proper for the court to submit the question whether the declaration was sustained by a preponderance of the evidence to the jury. Upon this issue the appellant asked the court to give to the jury the following instructions:

"If the jury believe from the evidence that the sidewalk in controversy had a ridge in it at or near the center of the walk, and that plaintiff slipped on the walk to the west of the ridge on a sound, safe part of the walk, and fell on the ridge and thereby hurt himself; that is, that the ridge caused the alleged physical injuries and suffering, but did not cause him to fall, but that the fall was caused by the slipperyness of the walk, then the jury should find the defendant not guilty."

"Unless the plaintiff has proven by a preponderance of the evidence that at the place of the alleged injury to plaintiff the city, by its officers, negligently suffered said sidewalk to be and remain in bad condition and unsafe repair, and some of its planks to be and remain broken, unfastened and out of place at the place of the alleged injury, the plaintiff cannot recover, and the jury should find the defendant not guilty."

The court refused to give these instructions. We think they state the law correctly, and should have been given. They direct the attention of the jury to the vital issue, whether the injury was occasioned by the fault of appellant in manner and form as charged in the declaration, and had they been given it hardly seems probable that the finding of the jury would have been for plaintiff below upon the evidence before them.

City of Bloomington v. Read.

We are also of opinion that this cause should be reversed upon another ground. Cities are not bound to make their sidewalks absolutely safe under all circumstances. It is sufficient if they are not dangerous, and are reasonably safe for persons passing over them.

The only defect in this walk was a ridge caused by two of the boards raising up at the joint where they met, some three and a half inches. This ridge was near the center of a walk sixteen feet wide, and extended with the walk the whole length of these two planks, sixteen feet. The walk was solid, no holes in it, and safe in all other respects than the one mentioned. The only way it would seem possible for one to be injured on this ridge would be by stumbling against it, or by slipping in stepping upon it, and this could easily be avoided by passing along the walk on either side. Appellee was well aware of this ridge, and had passed it daily for weeks before, and had it in his mind at the very time he received the injury, and yet all he was required to do to avoid danger was to pass down the walk on the outside where the same was perfectly safe, and from six to eight feet wide. All danger could have been avoided by the slightest care, without the least inconvenience or loss of time to the appellee. If one knowingly exposes himself to danger which can be readily avoided, and sustains injury, he must attribute it to his own negligence. Appellee says he is a pretty rapid walker, and at the time of the accident was walking his ordinary gait, noticed nothing, although he was trying to avoid this very place. He does not say it was too dark to see, and the son says it was starlight, and that he saw the ridge, and that any one could see it.

Upon the whole case, we think the appellee could have avoided the injury he sustained by the exercise of that reasonable care which the law requires, and for this reason as well as the refusal of the court to give proper instructions, the judgment is reversed and the cause remanded.

Reversed and remanded.