## Chicago, Burlington and Quincy Railroad Co.
### v.
### Edward Abend, Adm'r.

Master and servant—Defective machinery.—While the master must use ordinary care in providing suitable and fit appliances and structures for the use of his servants, he is not bound to provide against the danger arising from an unnecessary use of such appliances and structures for purposes to which the same are not adapted. Neither is he responsible for injuries resulting from the risks ordinarily incident to the service.

Appeal from the City Court of East St. Louis; the Hon. Charles T. Ware, Judge, presiding. Opinion filed August 13, 1880.

Messrs. Sweeney, Jackson & Walker, for appellant; that evidence of propositions made by the defendant by way of effecting a compromise is not admissible, cited Rockafellow v. Newcomb, 57 Ill. 186; 1 Phillips on Ev. 350.

Evidence of the poverty of the widow and children of deceased is not admissible in actions of this character: C. & N. W. R'y Co. v. Moranda, 12 Chicago Legal News, 183; Ill.

Cent. R. R. Co. v. Baches, 55 Ill. 379; Chicago v. O'Brennan, 65 Ill. 160; P. F. W. & C. R. R. Co. v. Powers, 74 Ill. 341.

If the servant had knowledge, or could have known by the exercise of ordinary care, of the existence of the obstructions, then all risk concerning them would be assumed by him as an incident to his employment: C. & S. R. R. Co. v. Munroe, 85 Ill. 25; T. W. & W. R. R. Co. v. Eddy, 72 Ill. 138; St. L. & S. E. R. R. Co. v. Britz, 72 Ill. 256; Gibson v. Erie R'y Co. 63 N. Y. 449.

Where the cause of death is not proven, there can be no recovery: C. & A. R. R. Co. v. Mock, 88 Ill. 87.

The declaration should so state the facts relied upon for a recovery as that the defendant may be prepared to meet them: Disbrow v. C. & N. W. R. R. Co. 70 Ill. 246; Ill. Cent. R. R. Co. v. Brookshire, 3 Bradwell, 225; C. & N. W. R. R. Co. v. Scheuering, 4 Bradwell, 533; Ill. Cent. R. R. Co. v. McKee, 43 Ill. 119; T. W. & W. R. R. Co. v. Foss, 88 Ill. 550.

Messrs. HAY, MESSICK & FREELS, for appellee; that it was the duty of the master to furnish suitable machinery, cited T. P. & W. R. R. Co. v. Conroy, 68 Ill. 560; Ill. Cent. R. R. Co. v. Welch, 52 Ill. 183.

The question of negligence is for the jury: Snow v. Housatonic R. R. Co. 8 Allen, 450; Reed v. Northfield, 13 Pick. 98; Smith v. Lowell, 6 Allen, 40.

The master is liable for defects which he knew, or by the exercise of reasonable diligence might have known to exist: Lewis v. St. L. I. & M. R. R. Co. 59 Mo. 504; Gibson v. Pacific R. R. Co. 46 Mo. 163; Ryan v. Fowler, 24 N. Y. 410; Noyes v. Smith, 28 Vt. 59; Ford v. Fitchburg R. R. Co. 110 Mass. 240; Hayden v. Smithfield Mfg. Co. 29 Conn. 548.

No objection was made to evidence of compromise, and no error can now be assigned thereon: Wilson v. The People, 12 Chicago Legal News, 240.

The instructions as to appellant's liability were proper and stated the law correctly: C. B. & Q. R. R. Co. Gregory, 58 Ill. 226; C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; Fairbank v. Haentzsche, 73 Ill. 237.

PER CURIAM. · The declaration in this case places the right of recovery upon the allegations that by the custom and rules of the company, it was the duty of the deceased to oil and examine his engine at the point in question, and that by reason of the insufficient construction of the bridge and trestle-work, the want of a suitable platform to walk upon, and by reason of spikes projecting above the timbers of the bridge along where deceased must necessarily have walked, he fell to the ground and lost his life.

The accident occurred at a bridge some two and a-half miles north of Alton Junction. This bridge is reached by an approach of trestle-work. This approach is a little wider than an engine, and somewhat narrower than the bridge. Beside the approach is a water-tank; and the situation is such that when taking water the tender is on the approach, and the engine is partly, but not wholly on the bridge, so that in getting from the engine to the bridge, one must step forward, from the engine step to the bridge, a space of eight or ten inches. Here the track is some twelve feet from the ground. There was ice below, made by the water from the tank. It was a cold night, and there was some snow on the ground. This point was reached about 11 o'clock P. M., and a stop was made to take water. The fireman went on to the tender to let in the water; the engineer, with torch, oil-can and waste in his hands, stepped from the engine, on the right-hand side, to the bridge, and passed around the engine to oil and examine it. The fireman heard some noise, to which he paid no attention, but on speaking to the engineer and hearing no reply, he went to look for him and found him lying on the ground on the left side of the track, his torch, etc., lying near him, insensible from wounds about the head. He continued insensible until the next day, when he died.

Nothing more is known as to the cause of the fall. There is no platform along the trestle work. The bridge is covered and is about 100 feet in length. There is a row of spikes on each side of the bridge. These spikes are near the ends of the cross-ties, about six inches from the inner side of the bridge, and project a half inch or more. From the evidence

it seems highly improbable that these spikes could have caused the fall. There is ample space to walk between them and the guard rail, and they are so near the side of the bridge that they were not in the way of the feet. We have examined the evidence carefully, and we find there is no proof that there was any rule of the company requiring the engine to be oiled or examined at this place. On the contrary it affirmatively appears that this was a matter entirely within the discretion and judgment of the engineer, and that the deceased did sometimes, but not always, oil here. There was nothing wrong about the engine, nor does it appear that by reason of distance from other stopping places or for any other cause it became necessary to oil at this place.

The proof shows clearly that in so doing the engineer exercised his own discretion; that he had frequently passed there, and was presumably aware of whatever hazard he incurred. Whatever the danger was, it was open and visible. The bridge was sufficient for the uses for which it was intended, but it was voluntarily used by the engineer, for a purpose not necessary, and not required by the regulations of the company. While the master must use ordinary care to provide reasonably safe and fit appliances and structures for the use of the servant, yet he is not bound to provide against the danger arising from the unnecessary use of such appliances and structures for purposes to which the same are not adapted and designed; nor is he responsible for such injuries as result from the risks ordinarily incident to the service, and when a servant continues in the service after knowledge of the danger to which he is exposed by reason of unfitness or imperfection of the appliances and structures in use, he cannot recover. These principles are familiar. Shearman & Redfield on Negligence, chapter 6; I. C. R. R. Co. v. Cox, 21 Ill. 20; C. & N. W. Co. v. Ward, 61 Ill. 130; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; T. W. & W. R. R. Co. v. Eddy, 72 Ill. 138; T. W. & W. R. R. Co. v. Durkin, 76 Ill. 394; C. & A. R. R. Co. v. Munroe, 85 Ill. 25. Various objections have been urged to the rulings of the court, in reference to the admission of evidence and the giving of instructions, but in the view we take of the case it is unneces-

sary to discuss them.   We are of the opinion that the case alleged is not sustained by the proof, and that upon facts appearing in the record there is no cause of action.   The judgment is reversed.

Reversed.