THE CITY OF GILMAN

v.

MARGARET HALEY.

</div>

1.  SIDEWALKS—NEGLIGENCE—WANT OF REPAIR.—Before a liability can attach to a city in consequence of injuries received through defects in a sidewalk by reason of not being kept in repair, the city must have had actual notice of its condition, or the defect must have existed for such a length of time that the city could, by the exercise of reasonable care and diligence, have discovered and remedied the defect.

2.  EXPRESS NOTICE.—An instruction that express notice to the city of such defect must be proved, is erroneous.  Notice is implied by law, where by reasonable diligence the city might have ascertained the condition of the sidewalk and repaired it.

3.  CONTRIBUTORY NEGLIGENCE—QUESTION FOR THE JURY.—An instruction which usurped the province of the jury, upon the question whether the plaintiff was in the exercise of ordinary care at the time of the accident, was properly refused.

4.  CARE IN RECOVERING FROM INJURY.—The question whether a plaintiff used ordinary care, under all the circumstances, to properly treat and care for himself after the injury, may with great propriety be left to the jury, and if they should find the pain and suffering endured by him had been aggravated by his want of ordinary care in being restored, he should not be allowed to recover damages for any additional pain occasioned by his own negligence.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding.  Opinion filed December 4, 1880.

Mr. M. B. WRIGHT, for appellant; that if the pleader, though

needlessly, describe the tort, and the means adopted in effecting it, with minuteness, and the proof varies substantially from the statement, the variance will be fatal, cited 1 Chitty's Pl. 427; Moss v. Johnson, 22 Ill. 633; Ill. Cent. R. R. Co. v. McKee, 43 Ill. 119; City of Bloomington v. Reed, 2 Bradwell, 542; City of Bloomington v. Goodrich, 88 Ill. 558.

A city is only required to keep its sidewalks in a reasonably safe condition: Rockford v. Hildebrand, 61 Ill. 155; Village of Gibson v. Johnson, 4 Bradwell, 288: Chicago v. McGiven, 78 Ill. 347; Gridley v. Bloomington, 68 Ill. 47; City of Quincy v. Barker, 81 Ill. 300; City of Bloomington v. Reed, 2 Bradwell, 542; Chicago v. Bixby, 84 Ill. 85; Grayville v. Whitaker, 85 Ill. 349.

It is incumbent upon the plaintiff to show that she was in the exercise of ordinary care at the time the injury was received: Lovenguth v. Bloomington, 71 Ill. 238; Quincy v. Barker, 81 Ill. 300; City of Aurora v. Pulfer, 56 Ill. 270; Village of Gibson v. Johnson, 4 Bradwell, 288; Bloomington v. Reed, 2 Bradwell, 542.

The instructions as to the measure of damages were erroneous: C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499; C. & A. R. R. Co. v. Murray, 62 Ill. 326; C. & A. R. R. Co. v. Mock, 72 Ill. 141; C. R. I. & P. R. R. Co. v. Austin, 69 Ill. 426; Village of Warren v. Wright, 3 Bradwell, 602.

A judgment will be reversed when the verdict is manifestly against the weight of evidence: Reynolds v. Lambert, 69 Ill. 495; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 226; Smith v. Slocum, 62 Ill. 354; Chicago v. McCarthy, 75 Ill. 602; Rock Island v. Vanlandschoot, 78 Ill. 485.

In appears in evidence that the city used reasonable efforts to keep its sidewalks safe: Chicago v. McGiven, 78 Ill. 347; Rock Island v. Hildebrand, 61 Ill. 155; City of Quincy v. Barker, 81 Ill. 300.

Messrs. KAY & EUANS, for appellee; that negligence is a question for the jury, cited G. & C. U. R. R. Co. v. Yarwood, 17 Ill. 509; Skelley v. Kahn, 17 Ill. 170; Ill. Cent. R. R. Co. v. Nunn, 51 Ill. 78.

The instruction upon the question of combination of accident and defect was correct: City of Joliet v. Verley, 35 Ill. 58; Palmer v. Andover, 2 Cush. 600; Kelsey v. Glover, 15 Vt. 708; Angell on Highways, 275.

PILLSBURY, J. The appellee commenced her action against the appellant in the Circuit Court of Iroquois county, to recover damages for injuries received by her through a defect in the sidewalk of the city.

A trial was had before the court and jury, and she recovered. The city appeals.

The questions whether the sidewalk was out of repair, and, if so, of notice to the city, were sharply contested, and an examination of the record shows that upon these points the evidence is quite conflicting.

We shall not express any opinion upon the sufficiency of the evidence to sustain the verdict, as the judgment must be reversed upon other grounds. The court gave the jury the following instruction, at the instance of the plaintiff:

"2. You are instructed, that if you find from the evidence that the injury complained of is the combined result of an accident and of a defect in the sidewalk, and that the damage would not have been sustained but for the defect, then, although you believe from the evidence the primary cause of the injury was a pure accident, yet if you find from the evidence that there was no fault or negligence on the part of the plaintiff, and that the accident was one which common prudence and sagacity could not have foreseen and provided against, then the defendant is liable, and you should find for the plaintiff."

This instruction ignores any element of negligence upon the part of the city causing the defect in the sidewalk mentioned in the instruction, or in permitting such defect to exist; and when it is considered that the defect consisted in a board being loose in the walk, upon which the plaintiff stepped and was thrown down, and that the city denied all knowledge of its condition, and gave evidence tending to substantiate its claim in that regard, it will be seen that the instruction was calculated to mislead the jury.

City of Gilman v. Haley.

This is the only instruction in the series that advises the jury of the liability of the city for injuries resulting from an accident and defect in the sidewalk, and they would under this instruction necessarily return a verdict for the plaintiff if they found that the injury was the combined result of an accident and a defect in the walk, without being called upon to go further, and ascertain from the evidence whether the city was in any manner responsible for such defect.

It must appear that the defect in the walk is attributable to the negligence of the city before a recovery can be had, whether the primary cause of the injury was a pure accident or not. Without negligence there is no liability.

When a walk is constructed by a city in a manner dangerous to life or limb, then no question can be raised of want of notice of the defect, and in such case, perhaps, the above instruction might not be so objectionable. Such was the case of Joliet v. Verley, 35 Ill. 58, and also of Palmer v. Andover, 2 Cush. 600, referred to in that opinion.

In this case, however, the defect, if any existed in the walk, was occasioned by want of proper repairs, and before a liability can attach to the city in consequence of injuries received through such defects, the city must have had actual notice of its condition, or it must have existed for such a length of time that the city could have, by the exercise of reasonable diligence, discovered and remedied such defect. Under the circumstances of this case, the instruction should have been refused, or modified, as we have suggested.

Complaint is also made that the court refused the first and second instructions asked by the defendant. These instructions were properly refused. The first announces the doctrine that express notice to the city that the sidewalk is out of repair is essential to be proven before a recovery can be had. This is not the law, for notice is implied by the law when by reasonable diligence the city might have ascertained the condition of the walk and repaired it.

The second instruction usurps the province of the jury, upon the question whether the plaintiff at the time was exer-

cising ordinary care, and for that reason was erroneous, and the court committed no error in refusing it as asked.

Complaint is also made that the instructions for the plaintiff allow the jury to assess damages for all the pain and suffering endured by the plaintiff, and for the permanent injury when it is claimed, the proofs show that after the injury, the plaintiff neglected to properly care for herself, in consequence of which neglect, the injury was very much aggravated, and in fact rendered permanent.

There is some evidence in the record tending to sustain this claim of the defendant, and the question whether the plaintiff used ordinary care under all the circumstances, to properly treat and care for herself after the injury, could, with great propriety be left to the jury, and if they should find the injury, the pain and suffering endured by her, had been aggravated by her own want of ordinary care to have herself cured, then she should not be allowed to recover damages for any additional pain or injury, occasioned by her own negligence. T. W. & W. R. R. Co. v. Eddy, 72 Ill. 138.

The judgment must be reversed, and the cause remanded.

Reversed and remanded.