# THE OHIO & MISSISSIPPI RAILWAY COMPANY

## v.

## AUSTIN BASS.

*Railroads—Personal Injuries—Defective Appliances — Contributory Negligence.*

In an action against a railroad company for personal injuries received by a brakeman while uncoupling cars, by reason of defective road-bed and lack of a handhold on the car, it is held that plaintiff's negligence in attempting to uncouple the cars while in motion, knowing of the absence of the handhold, releases the company from liability.

[Opinion filed August 27, 1890.]

APPEAL from the Circuit Court of Clay County; the Hon. C. C. BOGGS, Judge, presiding.

This is an action brought by appellee to recover for injuries sustained while acting as brakeman on defendant's freight train. The negligence charged is a defective condition of the roadbed and rails of defendant's road at the place and time the injury was sustained, and the failure to provide a handhold on car.

The plaintiff was a witness on the trial and testified that he was injured as alleged; that he was a brakeman on the local freight going east, which had a car of coal to be left at Aviston station; he was ordered by the conductor to set out the car; he gave the signal to the engineer to back up, and while the train was in motion at the rate of three or four miles an hour, went in between the cars and attempted to draw the coupling pin, walking between the cars, while so in motion, about fifteen feet, and was not able to loosen the pin. He got on the car to set the brake, which would not hold, and which he had noticed at the time he jumped from the car; went between the cars and pulled the pin, and at that time, by either striking a sliver on the rail or being caught between a couple of ties,

he does not know which, tripped and fell and received the injury.   There is no handhold on the cars.   In the absence of the conductor the engineer obeys the brakeman in moving and stopping the train when attending to couplings.   He could not signal the engineer to stop when he first found he could not pull the pin, because he desired to do the work quickly.   One of the duties of brakeman is to couple and uncouple cars.   The manner of performing the duty is left to his judgment.

In the absence of handholds, an attempt to make an uncoupling while the cars are in motion, subjects the brakeman to unusual danger—great danger.   When there is nothing to catch hold of, it is unsafe; to go in between the cars while in motion, very unsafe; when standing still it would be safe; could have given the engineer the signal and had the train stopped, if he had chosen that way; did not, because the conductor told him to do the work as quick as possible; did not because they were behind time; he was familiar with the rule on the time card to take the safe side in case of the least doubt.   There was conflict in the evidence as to the condition of the road-bed and the condition of the rails at the time, and there was evidence to show the mode in which duties of brakemen were to be performed was not prescribed, but left to and governed by the judgment of the brakemen.   That plaintiff had had over eight months experience as brakeman on this road, was shown.   The jury found specially that the plaintiff's fall under the cars was caused by his foot being hung between the ties, or being tripped by the unevenness of the road-bed.   That the road-bed was defective as alleged in the declaration; that the rails were not defective as charged; that the defects in the road-bed were open and obvious to inspection; that the plaintiff knew there was no handhold on the car at the time the injury was received.   A verdict and judgment for plaintiff for $1,500.

Messrs. Garland Pollard and Percy Werner, for appellant.

Messrs. Cope & Burton, for appellee.

PHILLIPS, J.   Errors are assigned as to the rulings of the court in the admission and exclusion of evidence and in instructions given by plaintiffs which, with the view we take of this case, we deem it unnecessary to consider at this time.

The evidence of the plaintiff conclusively shows that just previous to the injury he had knowledge of the fact that there was no handhold on the car, and in the absence of such handhold he states it was very unsafe to attempt to uncouple when in motion, and in their absence, an attempt to uncouple subjects the brakeman to unsual danger, great danger, as testified to by him.   He was in control of the train and had a right to stop it, when the uncoupling could have been performed with safety.

The manner of performing the duty of uncoupling, he states, was left to his judgment, and the rule of the company, with which he was familiar, required in cases of doubt to take the safe side.   He had no right to act with recklessness, and for the injury resulting from his carelessness and recklessness hold the company responsible.   The T. W. & W. Ry. Co. v. Eddy, 72 Ill. 138; The U. Ry. & T. Co. v. Leahy, 9 Ill. App. 353; City of Bloomington v. Read, 2 Ill. App. 542; The I. C. R. R. Co. v. Jewell, 46 Ill. 99; The C. & A. R. R. Co. v. Monroe, 85 Ill. 25; The C., B. & Q. R. R. Co. v. Dewey, 26 Ill. 255; The C. & N. W. R. R. Co. v. Cass, 73 Ill. 394.

The absence of handholds on the car was known to him; he knew it was dangerous and unsafe to make a running switch under the circumstances, and having control and exercising his own judgment of the manner of performing the duty, the injury received must be viewed as the result of his own want of proper care, disentitling him to any action therefor. C. & A. R. R. Co. v. Rush, 84 Ill. 570.   The motion for a new trial should have been allowed.   The judgment is reversed and the cause will not be remanded.

*Judgment reversed.*