## Illinois Central Railroad Company v. Frank Pummill, Administrator, etc.

1. EVIDENCE—*Where No One Witnessed the Death.*—In action for damages sustained by the death of a kinsman from negligence where no one saw the accident causing the death occur, and the cause and manner of such death is established by surrounding circumstances on the trial, evidence that the deceased was habitually prudent, cautious and temperate is admissible for the jury to consider, together with the instinct of self-preservation which a sane person is presumed to possess, in determining whether the deceased was exercising care for his personal safety.

2. INSTRUCTIONS—*Diligence by Deceased to be Informed as to Condition of Appliances.*—In an action for damages occasioned by the death of a kinsman from negligence in failing to keep appliances in safe repair, an instruction which ignores the duty of the deceased to exercise reasonable diligence to inform himself of the condition of such appliances, is erroneous.

3. RAILROAD COMPANIES—*When Not Liable for Personal Injuries.*— A railroad company will not be held liable for injury to its servant in the course of his employment when such injury results from his neglect to perform his duty, the performance of which might have avoided the accident.

4. SAME—*Employes to Use Diligence—Defective Appliances.*—If an employe is in constant use of an appliance, with an opportunity to know by the exercise of reasonable diligence of its defective condition, he is bound to use that diligence and not use the defective appliance but report its condition to the company.

5. DUE CARE—*Evidence of the Exercise of—Deceased Persons.*—The law does not require positive proof of the exercise of due care and diligence in ascertaining the condition of appliances by the servant. In case of death, the fact may be inferred from circumstances in evidence, where no one saw the accident.

**Trespass on the Case.**—Death from negligence. In the Circuit Court of Fayette County; the Hon. JACOB FAUKE, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict for plaintiff; appeal by defendant. Heard in this court at the August term, 1894. Reversed and remanded. Opinion filed March 23, 1895.

FARMER, BROWN & TURNER, attorneys for appellant; JAMES FENTRESS, of counsel.

HENRY & GUINN, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Plaintiff's intestate was a brakeman in the employ of appellant at the time of his death, which occurred in January, 1893. He was then acting as head brakeman on appellant's freight train which left Centralia about 11 o'clock P. M., January 30th, and on its way north stopped at Vandalia about 1 o'clock A. M. of January 31st. At that point the deceased was ordered by the conductor in charge of the train, to assist in switching the car next the engine, from the main track to a side track west of it, by the method known as a "drop" or "running switch." Deceased was on the engine, and obeying the direction given him, it became his duty to pull the coupling pin out of the link holding the car and engine together, then signal the engineer that the car was uncoupled, which he did, and get on top of the car to be set out, set the brake on it, and stop it on the side track. In attempting to get on the car, as there is evidence to show, he fell from it with his head close to the rail, and the top of his skull was crushed and his instant death, resulted. This suit was brought by the administrator of his estate, under the statute, to recover damages for his death, averred in the declaration to have been caused by the negligence of appellant in placing the said freight car in the train, with the ladder, upon which brakemen could climb with feet and hands upon and off said car, so out of repair, and the rungs thereof so mashed in, that no foot or hand hold was afforded its servants, handling said car to climb upon or off said car. Avers defendant's knowledge, and want of knowledge of deceased of such defective condition of the ladder; the order of conductor to deceased to assist in setting out said car; that deceased in obedience to said order uncoupled said car from the engine, and while in the exercise of due care for his own safety, attempted to climb upon said car, and that by reason of the defective condition of said ladder, he slipped and fell and was run over by said car and killed. The jury found defendant guilty and assessed plaintiff's damages at $2,000. Defendant's motion for a new trial was overruled and judgment

I. C. R. R. Co. v. Pummill.

was entered on the verdict for the damages assessed and costs of suit, and defendant took this appeal.

In the view we take of this case, we deem it unnecessary to notice all the points set forth as grounds for reversal, but will confine ourselves to the consideration of those most material. One of these is, that the court erred in admitting improper testimony on behalf of appellee to show that deceased was an industrious, sober and prudent man. In this kind of case, where no one actually saw how the accident occurred, and the cause and manner of it is established by surrounding circumstances proven on the trial, evidence that deceased was habitually prudent, cautious and temperate, is admissible for the jury to consider, together with the instinct of self-preservation which a sane person is presumed to possess, in determining whether he was exercising care for his personal safety. C., R. I. & P. Ry. Co. v. Clark, 108 Ill. 117; I. C. R. R. Co. v. Nowicki, 148 Ill. 34. In the latter case it is said: "Proof that deceased was a sober, industrious man is admissible, where there was no eye witness to the killing, as tending to show he was in the exercise of due care. The court did not err in admitting the evidence objected to. The evidence to show that plaintiff and the family of deceased were dependent upon the labor of defendant for support, objected to by defendant, was excluded by the court, and the jury were told to pay no attention to it. The error, if any, was thus cured."

It is also urged that the court erred in making some remarks, while passing upon an objection made to a question asked on behalf of appellant. We have examined the record and discover no serious objection to the remarks complained of. It is also insisted that the evidence fails to show the death of plaintiff's intestate resulted from the negligence of defendant, as charged in either count of the declaration, or that deceased was in the exercise of due care for his personal safety, as therein averred. As this case is to be again tried, we refrain from commenting upon the evidence, further than to say there was direct and circumstantial evidence tending to prove the cause of action as averred in the dec-

laration, and as to the material fact that deceased was exer-
cising reasonable care as averred, the evidence was conflict-
ing. But in our judgment the court erred in giving the
jury certain instructions on behalf of plaintiff, calculated to
mislead the jury, to the prejudice of defendant.

In the second, third, eighth, ninth, tenth, eleventh and
fourteenth instructions given for plaintiff, and in each of
them, the jury are informed the plaintiff had the right to
recover if deceased was a brakeman on defendant's freight
train, in which defendant put a box freight car that had a
defective rung in the ladder, by which deceased, in the dis-
charge of his duty, would have to ascend said car, and if,
by reason of said defect, while performing such duty and in
the exercise of due care and caution for his own safety,
deceased attempted to climb upon said car by means of said
defective ladder, and by reason of such defect fell from said
car and was run over and killed, provided defendant had
notice of said defect, or might have known it by the exer-
cise of a reasonable degree of diligence, and further believe
that deceased did not know of the defect in the ladder. In
each of these instructions, the duty of deceased to exercise
reasonable diligence to inform himself of the condition of
the ladder is ignored, and that of defendant is fully set
forth. The jury would therefore have understood the law
to be that a servant was not required to exercise any care or
diligence to ascertain the condition of machinery, tools or
appliances he was necessarily required to use, in perform-
ing the work he contracted to perform. This is not the
law. The relative and reciprocal duties of master and serv-
ant have been defined and announced in repeated decisions
of our Supreme Court in cases like this, and are quite well
known to the profession.

A railroad company will not be held liable for injury to
its servant in the course of his employment, when such
injury resulted from his neglect to perform his duty, the
performance of which might have avoided the accident. I.
C. R. R. Co. v. Jewel, Adm'x, 46 Ill. 99.

If an employe is in constant use of an appliance, with an

opportunity to know, by the exercise of reasonable diligence, its defective condition, he is bound to use that diligence and not use the defective appliance, but report its condition to the company. T. W. & W. Ry. Co. v. Eddy, 72 Ill. 138; C. & A. R. R. Co. v. Bragonier, 119 Ill. 51; O. & M. Ry. Co. v. Bass, 36 Ill. App. Rep. 128.

The law does not require positive proof of the exercise of due care and diligence in this regard by the servant, but that may be inferred from certain circumstances in evidence where no one saw the accident. Mo. Furnace Co. v. Abend, 107 Ill. 48; C., B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; C. & N. W. R. R. Co. v. Jackson, 55 Ill. 493. There was evidence, direct and circumstantial, tending to show that deceased did not exercise a reasonable care and diligence to ascertain the defective condition of the ladder he was required to use, but if the jury followed the rule announced in the instructions criticised, this omission by deceased to perform an imperative duty, and the evidence tending to prove such negligence would be regarded by them as wholly immaterial to the great prejudice of defendant. The giving of said instructions was an error, which requires us to reverse the judgment. The modification of defendant's ninth instruction and refusing to give the eighteenth and nineteenth instructions on its behalf was proper.

For the reasons given above the judgment is reversed and the cause remanded.