## George Middendorf et al. v. August Schulze.

1. MASTER AND SERVANT—*Servant Assumes the Ordinary Hazards of the Employment.*—A servant assumes the ordinary hazards. of the employment in which he is engaged.

2. NEGLIGENCE—*By Reason of Which Damage Can Be Recovered.*—The only negligence for which an injured party can recover damage is that which was the proximate cause of the hurt.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed December 30, 1902.

THORNTON & CHANCELLOR, attorneys for appellants.

CHARLES S. HARMON and GEORGE E. DAWSON, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This was an action to recover damages for personal injuries said to have been sustained by reason of the negligence of appellants. The plaintiff's declaration, after stating that he was in the service of the defendants and that it was their duty to do certain things, proceeds:

" Yet defendants, not regarding their duty in that behalf, so negligently and improperly failed to provide said elevator with such guards, appliances, checks and other equipments, for securing the entire and safe control of said elevator to the person using same during such use, and so carelessly and negligently failed to take all proper and necessary precautions for securing the safety and security of whomsoever might at any time be using said elevator, that while plaintiff, with all due care, was in the act of unloading from said elevator to the third floor of said building, a hand truck, loaded with egg cases, said elevator was then and there, without any sufficient previous warning, set in motion by or through the agency of some person or persons to the plaintiff unknown, and while the plaintiff was unable to prevent same, was lowered in such manner that said truck was thereby pressed with great force and violence

against plaintiff's side and body, and said elevator still descending, said load of egg cases was precipitated upon and over plaintiff, by reason whereof and of the pressure of said truck handle plaintiff was grievously wounded."

The second count of the plaintiff's declaration says that there was, prior to his injury, in the city of Chicago the following ordinance :

"438.   Elevator Shafts and Enclosures.—All elevator shafts and elevator enclosures of every kind· shall have iron doors which shall be made to open from the inside only, excepting only the door upon the ground floor of the building, which shall also have a lock to permit opening the same from the outside."

And it was the duty of the defendants to comply therewith; and then proceeds :

"Yet the defendants, not regarding their duty in that behalf, so negligently and improperly failed to provide the elevator shaft or enclosure of said last mentioned elevator with iron doors so made, and so failed to provide said shaft or enclosure with any doors whatsoever, that while the plaintiff was in the act of unloading from said elevator a hand truck, said elevator was then and there, without any previous warning thereof, set in motion by or through the agency of some person or persons to the plaintiff unknown, and while plaintiff was unable to prevent same, was lowered in such manner that said truck was thereby pressed with great force and violence against plaintiff's side and body, and said elevator still descending, said load of egg cases was precipitated upon and over plaintiff," etc.

Plaintiff testified that he was in the elevator and up to the third floor; that he stopped the elevator and was going to shove the truck off "the way we always do, and somebody shook the rope and I hollered and said, ' Wait, there is a load on.'   I had the handle and was shoving it off, and down goes the elevator, and the handle caught me pretty near up against the wall so I hollered, and the truck went over on top of me, egg cases and all.   I hollered and somebody stopped the elevator."

According to each count of the declaration, the accident to appellee was caused by the elevator being set in motion by or through the agency of some person or persons to the

plaintiff unknown. The evidence as to the cause of the accident sustains the charge in the declaration, save that the only testimony that any person started the elevator is that of the plaintiff, that somebody shook the rope; otherwise, no one testifies that anybody shook the rope or took hold of it, or did anything to start the elevator. The plaintiff's testimony that somebody shook the rope is based upon his seeing a movement of the rope in the elevator cage; therefrom he infers that the rope was shaken; that the defendants, or either of them, or any person in their employ, or by their direction, or to their knowledge or notice, either started the elevator or shook the rope, was not shown; neither is it charged in the declaration. It is not charged in the declaration nor shown by the evidence that, considering the use to which this freight elevator was put, it was practical to arrange the operation of the same so that the sole control thereof should be in the person " using the same, during such use," or that there was any law or ordinance requiring that the elevator should be so equipped; while it does appear that appellee well knew the elevator could be moved by persons using the same, that is, by persons not in the elevator cage; therefore, a movement of such elevator by some one outside of it while he was in the same, was a risk which he assumed. A servant assumes the ordinary hazards of the employment in which he is engaged. C., B. & Q. Ry. Co. v. Abend, 7 Ill. App. 130; Page v. Naughton, 63 App. Div. 377; Tobin v. Friedman Mfg. Co., 67 Ill. App. 149.

It does appear that appellants had not complied with the ordinance of the city heretofore mentioned, but it is not shown that such non-compliance was the cause of the injury.

The only negligence for which an injured party can recover damage is that which was the proximate cause of the hurt. It was not upon the trial made to appear that had the elevator shafts and enclosure been equipped with doors, such as are required by the ordinance, the elevator would have been so constructed that it could not be moved

from the outside. The ordinance does not require that elevators shall be so constructed that the entire and sole control of the same shall be secured to the person using the same, during the use thereof. The difficulty with the claim made by appellee, under the ordinance introduced in evidence, is not that a failure to comply with the same was not negligence, but that it does not appear that such negligence was the proximate cause of the injury he received.

The judgment of the Circuit Court is reversed and the cause remanded.